IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN EMINIAN, | ) | CASE NO. 1:11 CV 696 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action under 42 U.S.C. § 405(g) by John Eminian for judicial review of the final decision of the Commissioner of Social Security denying Eminian's application for disability insurance benefits.[2] The Commissioner has filed an answer[3] and the transcript of the administrative proceedings.[4] Pursuant to my initial order,[5] each party has briefed its

---

[1] The parties have consented to my exercise of jurisdiction (ECF # 13), and accordingly United States District Judge Christopher A. Boyko transferred this matter to me for further proceedings. ECF # 14.

[2] ECF # 1.

[3] ECF # 10.

[4] ECF # 11.

[5] ECF # 5.

position[6] and filed supplemental fact sheets[7] or charts.[8] The parties have participated in an oral argument.[9]

For the reasons that follow, I will find that the Commissioner's decision is not supported by substantial evidence and will, therefore, remand the matter for further proceedings.

## Facts

**A.  The decision of the Administrative Law Judge (ALJ)**

The ALJ found that Eminian was 46 years old at the date of the hearing;[10] is a high school graduate; and has past relevant work as a security guard, a stocker, and a casting machine operator.[11]

Medically, the ALJ noted, "[t]he record clearly establishes that [Eminian] has a significant combination of cardiovascular impairments."[12] Moreover, the ALJ found that

---

[6] ECF # 18 (Eminian's brief); ECF # 21 (Commissioner's brief).

[7] ECF # 12 (Eminian's fact sheet).

[8] ECF # 21, Attachment (Commissioner's charts).

[9] ECF # 23.

[10] Transcript (Tr.) at 22.

[11] *Id*. at 21.

[12] *Id*. at 19.

Eminian was obese, with his weight ranging from 330 - 350 pounds.[13] Mentally, the evidence showed a full scale IQ of 70, but no diagnosis of mental retardation.[14]

From the total record, the ALJ found that Eminian had severe impairments consisting of non-ischemic cardiomyopathy, hypertension, history of congestive heart failure, obesity, and borderline intellectual functioning.[15]

Notwithstanding the findings of severe impairments, the ALJ determined that Eminian did not meet or equal a listed impairment.[16] The ALJ relied on reports of state consulting examiners to find that no physical impairment met or equaled a listing.[17] As to the mental impairments, the ALJ relied on a consultative examination by Deborah Koricke, M.D., which showed only mild or moderate impairment,[18] as well as other evidence of record.[19] The ALJ then made the following finding regarding Eminian's residual functional capacity:

> After careful consideration of the entire record, I find that, beginning on February 21, 2009, the claimant has had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), subject to additional nonexertional limitations. More specifically, I find that the claimant can lift up to 20 pounds occasionally and lift or carry up to 10 pounds frequently. He can stand, walk or sit for approximately 6 hours in an eight-hour workday, with

---

[13] *Id*. at 16.

[14] *Id*.

[15] *Id*. at 15.

[16] *Id*. at 17.

[17] *Id*.

[18] *Id*. at 395-403.

[19] *Id*. at 17.

normal breaks. He can never climb ladders, ropes or scaffolds. He can occasionally stoop. He is limited to work involving simple tasks, requiring only first grade reading skills and elementary math skills, limited to addition and subtraction. In addition, work must allow the claimant to be off task 20% of the work day, in addition to regularly scheduled breaks, or 20% of the workweek due to the combination of his physical and mental impairments.[20]

The ALJ then decided, with assistance from the testimony of a vocational expert (VE), that Eminian's residual functional capacity prior to February 21, 2009, would have permitted him to perform unskilled jobs existing in sufficient numbers in the national, state, and local economies, thus making him not disabled for that period.[21] However, the ALJ further found, also with the assistance of testimony from the VE, that subject to the RFC after February 21, 2009, Eminian would be precluded from doing any job existing in significant numbers in the national, state, or local economies.[22]

**B.    Issues on judicial review**

Eminian raises four issues for judicial review:

- Whether substantial evidence supports the ALJ's determination that Mr. Eminian's 70 IQ, combined with his illiteracy, cardiac impairment and obesity, does not meet or equal Listing 12.05.[23]

- Whether the ALJ erred by failing to consider whether Mr. Eminian's conditions meet or equal Listings 4.02, 4.05 and 4.06.[24]

---

[20] *Id.* at 20-21.

[21] *Id*. at 22-23.

[22] *Id.* at 21-22.

[23] ECF # 18 at 1.

[24] *Id.*

- Whether substantial evidence supports the ALJ's residual functional capacity determination that [Eminian] could perform light work, despite the medical expert's testimony that Eminian could walk only 10 minutes before stopping to rest, and which included a limitation that [Eminian] would be off task 20% of the time, but only *after* February 21, 2009.[25]

- Whether the ALJ failed to properly evaluate Mr. Eminian's credibility and symptoms of chest pain, shortness of breath, dizziness and fatigue.[26]

## Analysis

### A. Standard of review - substantial evidence

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[27]

---

[25] *Id.*

[26] *Id.* at 1-2.

[27] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

-5-

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[28] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[29]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Application of standard – substantial evidence does not support the decision of the Commissioner.**

As the oral argument in this case made clear, the central issue involves whether the ALJ clearly articulated a reason why Eminian became disabled after February 21, 2009, after not being disabled previously. In particular, the issue is whether the ALJ identified and articulated a reason why Eminian's mental condition became disabling after February, 2009.

As is clear from the record, and as Eminian relates, the ALJ based this finding of disability only after February, 2009, on a perfusion study of that date that showed a left ejection fraction number of 30%, which the ALJ concluded was less than a 2008 test which showed an ejection fraction of 44%.[30] However, as Eminian observes, he has a long history of cardiomyopathy which has produced perfusion studies with numbers ranging between

---

[28] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[29] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[30] Tr. at 21.

17% and 44%.[31] In other words, Eminian asserts that he has had the same symptoms at the same level of severity before and after February 21, 2009.[32] He further notes that no medical expert testified that this February, 2009, perfusion study documented a worsening of his physical impairments, nor was that question put to the medical expert at the hearing.[33]

In addition, there is no discussion by the ALJ of how or if this perfusion study affects Eminian's recognized mental impairments. Instead, the recognized mental impairments are apparently reflected in the RFC's requirement that post-2009 Eminian must be off task 20% of the time. As was recognized at the oral argument, that 20% amount is purely a creation of the ALJ and cannot be found in any medical source evidence.

Thus, this situation appears to involve an ALJ seeking to interpret raw medical data (the IQ score and the 2009 perfusion study) in functional terms (the 20% off-task restriction) without that restriction being grounded in a medical opinion. As I discussed in *Deskin v. Commissioner*,[34] that is not permissible, and an RFC founded on that restriction would not be supported by substantial evidence.

Accordingly, I am troubled by two things: (1) that there are no clearly articulated reasons how the single perfusion study in 2009 altered Eminian's mental and physical

---

[31] ECF # 15 at 15 (citing Tr. at 198, 207, 216, 256, 270).

[32] *Id.*

[33] *Id.*

[34] *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp.2d 908, 912 (N.D. Ohio 2008) (citation omitted).

impairments from not being disabling to being disabling, and (2) how the ALJ, without a clear foundation in the medical evidence, determined that after February, 2009, Eminian's impairments required that he be off task for 20% of the time.

It is well-recognized that an ALJ's decision must be articulated in a way that permits meaningful judicial review.[35] Because this decision does not conform to that requirement, it must be reversed and the matter remanded.

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Eminian had no disability. Accordingly, the decision of the Commissioner denying Eminian's application for disability insurance benefits is reversed and the case remanded for further proceedings.

On remand, the ALJ must clearly articulate how Eminian became disabled after February, 2009, and provide a foundation in the medical evidence for the functional limitation of Eminian being off task 20% of the time.

IT IS SO ORDERED.

Dated: September 29, 2012                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

---

[35] *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).